IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE, PLACES, AND DREAMS LLC | ) | CASE NO. |
| 3214 Prospect Avenue, East | ) | |
| Cleveland, Ohio 44115 | ) | JUDGE: |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | **COMPLAINT FOR INJUNCTIVE** |
| LIFE ENHANCEMENT SERVICES, LLC | ) | **RELIEF AND DAMAGES** |
| c/o Statutory Agent Anthony Simpson, II | ) | |
| 4415 Euclid Avenue, Ste. 335 | ) | |
| Cleveland, Ohio 44103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DENISE CORNELL | ) | |
| 5850 Marra Drive | ) | |
| Bedford Heights, Ohio 44146 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL KOLLAB | ) | |
| 1399 Chateau Place | ) | |
| Avon, Ohio 44011 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TINA BOOKS | ) | |
| 1037 West 14th Street | ) | |
| Lorain, Ohio 44052 | ) | |
| | | |
|     Defendants. | | |

NOW COMES Plaintiff People, Places and Dreams LLC ("PPD"), by and through its

attorneys, and for its Complaint hereby avers, alleges and prays:

**PARTIES**

1.     PPD is a limited liability company organized and existing under the laws of the

State of Ohio with its headquarters in Cuyahoga County, Ohio. PPD provides Peer Supportive

Services, Substance Use Disorder Treatment, Intensive Outpatient Programs, Recovery Housing, Peer Training and Job Readiness services. PPD has been in business since 2019.

2.      Defendant Life Enhancement Services, LLC ("Life Enhancement") is a corporation incorporated and existing under the laws of the State of Ohio with its headquarters in Cuyahoga County, Ohio. Anthony Simpson II is the registered statutory agent for Life Enhancement. Life Enhancement is in the same industry and is a competitor of PPD.

3.      Defendant Denise Cornell ("Cornell") was an employee of PPD until January 6, 2026. On that date, Cornell resigned from PPD as an employee.

4.      Defendant Michael Kollab ("Kollab") was an employee of PPD until March 6, 2026. On that date, Kollab resigned from PPD as an employee.

5.      Defendant Tina Brooks ("Brooks") was an employee of PPD until March 6, 2026. On that date, Brooks was terminated from PPD as an employee. Life Enhancement, Cornell, Kollab, and Brooks are collectively referred to as the "Defendants."

**THE DISPUTE**

6.      This is an action for claims pursuant to (1) breach of contract; (2) tortious interference; (3) violation of the federal Defense of Trade Secrets Act (DTSA) and Ohio's Uniform Trade Secrets Act; (4) defamatory statements; (5) common law unfair competition; (6) civil theft; (7) injury due to criminal act; and (8) civil conspiracy.

7.      This action seeks injunctive relief to prevent Defendants from (a) unlawfully and unfairly competing with PPD and misappropriating its property by using PPD's confidential information and trade secrets ("PPD's data") to directly compete against PPD; (b) using improper means to interfere with PPD's relationships with it employees and customers and (c) engaging in other unlawful and unfair competition.

8.    PPD also seeks damages and attorney's fees from Defendants for their wrongful and unlawful acts.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under 28 U.S.C. § §1331, 1338, 1367 because PPD's claims are based on a federal question (DTSA claims), with supplemental jurisdiction over PPD's state law claims.

10.    This court has personal jurisdiction over Defendants because they conduct business in the State of Ohio, within this District, including the actions complained about in this *Complaint.*

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this District and under 28 U.S.C. § § 1391(b)(2) a substantial part of the events or omissions giving rise to PPD's claims occurred in this District and property that is the subject of the action is located in this District.

## FACTUAL ALLEGATIONS

12.    PPD has been in the support and social service field since 2019. It has been located in Cleveland, Ohio since its founding.

13.    Through its significant marketing efforts, provisions of quality services, and financial investment in its business, PPD developed significant goodwill and reputation – making them valuable assets to PPD.

14.    Defendants are currently in the same business/field as PPD and provide similar services as PPD (nearly identical income respects).

15.    Defendants conduct their business by using PPD's trade secret and confidential information – including PPD's client lists, client names, client emails, client phone numbers, client contacts, client needs and preferences, and PPD's cost information (including compensation for

PPD's employees) (again, "PPD's data"). The individual Defendants obtained PPD's data when they were still employed by PPD.

16.     Defendants used PPD's data to compete against PPD, including by soliciting and recruiting PPD's employees and clients.

17.     Defendants also made knowingly false and defamatory statements to solicit and recruit PPD's employees and clients.

18.     Unless restrained, Defendants' actions will continue to cause damage and immediate irreparable harm to PPD and its valuable reputation and goodwill, for which PPD has no adequate remedy at law.

19.     As part of their employment with PPD, the individual Defendants entered into Non-Competition, Non-Solicitation, Non-Circumvention, Non-Disclosure and Confidentiality Agreements (the "Agreements"). Those Agreements are jointly attached hereto as **Exhibit 1**.

20.     On May 14, 2026, PPD's counsel sent Life Enhancement and Cornell a Cease and Desist Letter which is attached hereto as **Exhibit 2**. Upon receiving that letter, Life Enhancement was aware that it was unfairly and tortiously interfering with PPD's contracts, employees and clients.

### COUNT I
**Breach of Contracts**
**(Defendants Cornell, Kollab, and Brooks Only)**

21.     PPD repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

22.     The promises in the individual Defendants' Agreements are necessary to protect PPD's legitimate business interests – most notably, PPD's data and its relationships with its customers and employees – so PPD cannot be the victim of unfair competition through the use of its own data against it by Defendants.

23.     Defendants' actions described above constitute intentional, direct and material breaches of their Agreements, as described above.

24.     Defendants' violations caused irreparable injuries to PPD and will continue to do so unless enjoined.

25.     PPD will suffer substantial monetary losses, as well as loss of goodwill, if Defendants are permitted to continue to breach their written Agreements by continuing to possess and use PPD's data to compete against PPD.

26.     PPD has no adequate remedy at law with respect to Defendants' violations. Unless the Court enjoins them from violating the Agreements, PPD will be irreparably injured.

27.     Defendants' violations of the Agreements have and/or will damage PPD in an amount in excess of $100,000.00, to be fully determined at trial, plus prejudgment and post-judgment interest, and the recovery of reasonable attorneys' fees as set forth in the Agreements. (Exhibit 1, ¶ 4(B)).

## COUNT II
### Tortious Interference
### (All Defendants)

28.     PPD repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29.     As employees of PPD, all individual Defendants were aware of PPD's data. Through the individual Defendants, Life Enhancement, the corporate defendant, is also now aware of PPD's data.

30.     Instead of engaging in fair competition, Defendants have used PPD's data to unfairly compete against PPD, including to solicit and recruit PPD's actual and potential clients and employees.

31.     Defendants lack any legally-protected justification for using PPD's data to compete against PPD, including to solicit and recruit PPD's actual and potential clients and employees – instead of competing fairly.

32.     Additionally, Life Enhancement is tortiously interfering with PPD's Agreements with the individual Defendants.

33.     PPD has no adequate remedy at law with respect to Defendants' tortious interference. Unless the Court grants injunctive relief, PPD will be irreparably injured.

34.     As a result of Defendants' willful, malicious, tortious and wrongful actions, PPD has been (and will continue to be) damaged by Defendants' conduct, in an amount in excess of $100,000.00, to be fully determined at trial. Defendants' tortious interference was done willfully, maliciously and fraudulently, thereby entitling PPD to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

### COUNT III
**Misappropriation of Trade Secrets and Confidential Information**
**(All Defendants)**

35.     PPD repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36.     Defendants have misappropriated and converted "PPD's data" (confidential, proprietary information and trade secrets), to their benefit and PPD's detriment. Defendants' actions were willful and malicious.

37.     PPD's data is of distinct financial and strategic importance to PPD, has independent economic value from not being generally known, is not known to third parties, and is the subject of reasonable efforts to maintain its confidentiality. Those efforts include, but are not limited to, password protection and confidentiality policies, and the Agreements.

38. Defendants' actions described above constitute misappropriation and conversion of PPD's data – in violation of the Agreements. And for all Defendants, their actions described above constitute misappropriation and conversion of PPD's data – in violation of Ohio's Uniform Trade Secrets Act, R.C. §1333.61 et. seq. and the federal Defend Trade Secrets Act, 18 U.S.C. §1386 et seq.

39. As a result of Defendants' misappropriation and conversion, PPD will suffer substantial monetary losses as well as the loss of market share, loss of competitive advantage in the marketplace, and loss of goodwill.

40. PPD has no adequate remedy at law with respect to Defendants' actions and unless this Court enjoins Defendants from continuing to utilize PPD's data, PPD will be irreparably injured.

41. PPD has been damaged by Defendants' conversion and misappropriation, in an amount in excess of $100,000.00, to be fully determined at trial. In addition, PPD is entitled to recover the amount of Defendants' unjust enrichment, to the extent it is not duplicative of PPD's damages. PPD is also entitled to double that total amount as exemplary damages pursuant to 18 U.S.C. §1836 and treble pursuant to Ohio Revised Code §1333.63(B), plus prejudgment and post-judgment interest.

**COUNT IV**
**Defamation**
**(All Defendants)**

42. PPD repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. Defendants have published false statements about PPD to PPD's clients, potential clients, employees, and perhaps others. Specifically, Defendants made false statements about the quality of PPD's services, its compliance with industry and regulatory requirements, and its

insurance coverage.

44.     Defendants' published false statements harmed PPD's reputation, lowering PPD's reputation among those identified above (actual and potential clients and employees) and in the community in general.

45.     Defendant's false, defamatory statements were made negligently, recklessly and/or intentionally.

### COUNT V
### Unfair Competition
### (All Defendants)

46.     PPD repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47.     Defendants' conduct (described above) constitutes unfair competition. Defendants' actions were willful and malicious.

48.     As a result of Defendants' unfair competition, PPD will suffer substantial monetary losses and Defendants will earn profits to which they are not entitled.

49.     PPD has no adequate remedy at law with respect to Defendants' unfair competition. Unless the Court grants injunctive relief, PPD will be irreparably injured.

50.     Because of Defendants' unfair competition, PPD has been damaged in an amount in excess of $100,000.00, to be fully determined at trial. Defendants' unfair competition against PPD was done willfully, maliciously and fraudulently, thereby entitling PPD to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

### COUNT VI
### Civil Theft
### (Defendants Cornell, Kollab, and Brooks Only)

51.     PPD repeats and realleges paragraphs 1 through 50 hereof, as if fully set forth herein.

52.     The individual Defendants' misconduct described above constitutes theft offenses under Ohio Revised Code §§2913.02 and 2913.04.

53.     As a direct and proximate result of such civil theft, PPD has been damaged in an amount exceeding $100,000.00, to be more fully determined at trial.

54.     As a result of such commission of civil theft, and pursuant to R.C. §2307.61, PPD is entitled to liquidated damages equal to three times the amount of its compensatory damages, reasonable costs and attorneys' fees, plus prejudgment and post-judgment interest.

## COUNT VII
### Injury Due to Criminal Act
### (Defendants Cornell, Kollab, and Brooks Only)

55.     PPD repeats and realleges paragraphs 1 through 54 hereof, as if fully set forth herein.

56.     The individual Defendants' misconduct described above constitutes theft crimes under Ohio Revised Code §§2913.02 and 2913.04.

57.     As a direct and proximate result of such criminal misconduct described above, PPD has been damaged in an amount exceeding $100,000.00, to be more fully determined at trial.

58.     Pursuant to R.C. § 2307.60, PPD is entitled to recover its damages for such criminal misconduct against them.

59.     The individual Defendants' criminal misconduct against PPD was done willfully, maliciously and fraudulently, thereby entitling PPD to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

## COUNT VIII
### Civil Conspiracy
### (All Defendants)

60.     PPD repeats and realleges paragraphs 1 through 59 hereof, as if fully set forth herein.

61. Defendants conduct described above constitutes a knowing, voluntary, willful and malicious combination of two or more persons to injure PPD in person or property, in a way not competent for any one Defendant to achieve alone.

62. PPD has no adequate remedy at law with respect to Defendants' civil conspiracy. Unless the Court grants injunctive relief, PPD will be irreparably injured.

63. Defendants malicious combination resulted in actual damages to PPD in an amount in excess of $100,000.00 to be fully determined at trial. PPD is also entitled to punitive damages, and recovery of their costs and attorneys' fees.

WHEREFORE, PPD prays:

1. That an injunction be issued against Defendants, barring them from competing against PPD until PPD's data no longer constitutes trade secrets and Defendants competition will again be fair.

2. That Defendants be restrained and enjoined from using PPD's data.

3. That Defendants be restrained and enjoined from divulging, disclosing or communicating PPD's data to any other person, firm, corporation, or business entity.

4. That the individual Defendants be ordered to abide by their written Agreements.

5. That the Court award PPD damages against Defendants proximately caused by Defendants' conduct, including loss of income/profit, loss of market share, and loss of goodwill — in an amount in excess of $100,000.00, to be fully determined at trial.

6. That PPD be awarded exemplary (double and/or treble) damages as pled above.

7. That PPD be awarded its costs and reasonable attorneys' fees as pled above, as well as prejudgment and post-judgment interest.

8. That the Court award PPD such other and further relief as it deems just and proper.

Respectfully Submitted,

/s/ *Barry Y. Freeman*
Elliott M. Young (0074275)
Barry Y. Freeman (0062040)
Roetzel & Andress, LPA
1375 E. Ninth Street
One Cleveland Center, 30th Floor
Cleveland, Ohio  44114
Telephone: (216) 623-0150
Facsimile:  (216) 623-0134
Email:  emyoung@ralaw.com
           bfreeman@ralaw.com

*Counsel for Plaintiff*

## JURY DEMAND

PPD demands a trial by jury on all issues so triable, by the maximum number of jurors permitted by law.

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)

24929131v2